JOURNAL ENTRY and OPINION
{¶ 1} Appellant Donald Crosswhite appeals his sentence rendered after a bench trial. Crosswhite assigns the following errors for our review:
"I. The trial court erred when, on the day of trial, it allowed the State of Ohio to amend the indictment, changing the identity of the alleged victim."
"II. The trial court committed reversible error when it accepted appellant's plea without first fully and adequately informing appellant that he would be subject to a mandatory five years of post-release control."
"III. Appellant was denied effective assistance of counsel in violation of his rights guaranteed to him by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision, and remand for proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} Emanating from an identity theft ring, the Cuyahoga County Grand Jury indicted Crosswhite in two separate cases. In the first case, on September 12, 2004, the grand jury indicted Crosswhite on one count of engaging in a pattern of corrupt activity, sixteen counts of tampering with governmental records, ten counts of unauthorized access to a computer, three counts of possession of criminal tools, two counts of securing records by deception, two counts of theft, two counts of identity theft, and fifty-nine counts of forgery. In the second case, on November 18, 2004, the grand jury indicted Crosswhite on one count of identity theft, four counts of forgery, four counts of uttering, and one count of theft.
 {¶ 4} At his arraignment Crosswhite pled not guilty. After several pretrials were held, the matter proceeded to trial, with Crosswhite waiving his right to a jury.
 {¶ 5} On March 3, 2005, after three days of trial, and after the State had examined its fifth witness, Crosswhite pled no contest to the indictments. On March 25, 2005, the trial court sentenced Crosswhite to a prison term of eight years.
 POST-RELEASE CONTROL {¶ 6} We address only the second assigned error, because it disposes of the case. Here, Crosswhite argues the trial court erred by accepting his plea without adequately informing him that he would be subject to a mandatory five year period of post-release control. We agree.
 {¶ 7} R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner.[1]
Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed.[2]
 {¶ 8} Directly pertinent to this assigned error is that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea.[3] The following excerpt is from the plea colloquy:
"The Court: You understand that if you were sent to prison and you completed whatever term that I gave you, you might be released on what is called post-release control, which is similar to parole, and that if you violated the terms and condition of post-release control you could receive up to one-half of your sentence for such a violation; do you understand that?
The Defendant: Yes, Your Honor."[4]
 {¶ 9} Here, the trial court informed Crosswhite that he "might" be released on post-release control. Yet, by operation of law, Crosswhite was subject to a mandatory five years of post-release control.[5]
 {¶ 10} Crim.R. 11(C)(2) requires the court to first address a defendant who would enter a guilty plea, personally, and determine, inter alia, that the defendant is making the plea with an understanding of the maximum penalty involved. Compliance with Crim.R. 11(C)(2) need not be exact; substantial compliance is sufficient.[6] The test is whether an error the court committed so prejudiced the defendant that he would not have pled guilty had the error not been made.[7] Substantial compliance is not shown where the court gives the defendant incorrect information on what the maximum sentence may be.[8]
 {¶ 11} The Ohio Supreme Court has noted that a trial court's failure to provide post-release notification before accepting a guilty or no-contest plea may form the basis to vacate the plea.[9] Further, this court and the courts of eight other appellate districts agree that where the trial court failed to personally address a defendant and inform him of the maximum length of the post-release-control period before accepting his guilty plea, the court fails to substantially comply with Ohio R. Crim. P. 11(C) (2(a) and R.C. 2943.032(E).[10]
 {¶ 12} Because Crosswhite was not given accurate information about the consequences of his plea, we hold, under the totality of the circumstances, that the trial court did not substantially comply with the requirements of Crim.R. 11(C)(2)(a) and R.C.2943.032(E). As a result, the trial court erred when it accepted Crosswhite's no contest plea. Accordingly, we sustain the second assigned error.
 {¶ 13} Our disposition of the second assigned error, renders the remaining errors moot.[11]
 {¶ 14} Judgment reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Frank D. Celebrezze, Jr., J., concur.
[1] See Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171.
[2] Id.
[3] State v. Corbin, 141 Ohio App.3d 381, 387,2001-Ohio-4140.
[4] Tr. at 279.
[5] See R.C. 2929.19(B)(3)(c) and 2967.28(B); see, also, Statev. Madaris, 156 Ohio App.3d 211, 2004-Ohio-653.
[6] State v. Caplinger (1995), 105 Ohio App.3d 567.
[7] Id.
[8] State v. Carroll (1995), 104 Ohio App.3d 372.
[9] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
[10] See State v. Pendleton (June 23, 2005), Cuyahoga App. No. 84514, 2005-Ohio-3126; State v. Brown (Nov. 1, 2002), 1st Dist. NOS. C-020162, C-020163, C-020164, 2002-Ohio-5983; Statev. Carnicom (Sept. 5, 2003), 2nd Dist. No. 2003-CA-4, 2003-Ohio-4711; State v. Haynie (May 17, 2004), 3rd Dist. No. 9-03-52157, Ohio App. 3d 708, 2004-Ohio-2452; State v. Windle
(Dec. 15, 2004), 4th Dist. No. 03CA16, 2004-Ohio-6827; State v.Lamb (Feb. 6, 2004), 6th Dist. No. OT-03-003,156 Ohio App.3d 128, 2004-Ohio-474; State v. Tucci (Dec. 11, 2002), 7th Dist. No. 01 CA 234, 2002-Ohio-6903; State v. Johnson (Jan. 16, 2004), 11th Dist. No. 2002-L-024, 2004-Ohio-331; and State v.Prom (Dec. 8, 2003), 12th Dist. No. CA2002-01-007,2003-Ohio-6543.
[11] App.R. (12)(A)(1)(C).