JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Javier Prieto appeals from his conviction for drug trafficking based upon his guilty plea. He asserts that the court erred by accepting his plea without informing him that he would be subject to post-release control as part of his sentence. We agree that the court did not substantially comply with its obligations under Crim.R. 11(C) and R.C. 2943.03. Therefore, we vacate the judgment of conviction and sentence and remand for further proceedings.
 {¶ 2} Appellant was charged in all four counts of an indictment filed December 22, 2003. Counts 1 and 2 each charged appellant with trafficking in cocaine in an amount greater than 1,000 grams with a major drug offender specification. Count 3 charged him with possession of cocaine with a major drug offender specification, and Count 4 charged him with possession of criminal tools.
 {¶ 3} At a hearing conducted on February 24, 2004, appellant withdrew his previously entered pleas of not guilty and entered a plea of guilty to the first count of drug trafficking, which the court amended to allege trafficking in cocaine in an amount greater than 500 grams but less than 1000 grams.[1] In exchange, appellant agreed to testify truthfully at the trial of Lordes Mercado. Appellant and the prosecutor further agreed that the court should impose a sentence of nine years imprisonment. The court dismissed the remaining counts. On March 17, 2004, the court sentenced appellant to nine years' imprisonment followed by five years' post-release control, plus costs.
 {¶ 4} This court granted appellant leave to file a delayed appeal on November 29, 2005, and appointed counsel to represent him.
 {¶ 5} In his first assignment of error, appellant urges that the court erred by accepting his guilty plea without informing him that his sentence included a period of post-release control. The state concedes that the court failed to inform appellant of post-release control at the time it accepted his plea.
 {¶ 6} "R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner. Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed." State v.Crosswhite, Cuyahoga App. No. 86345, 2006-Ohio-1081, ¶ 7 (citingWoods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171). The Ohio Supreme Court has noted that the trial court's failure to notify the defendant of post-release control sanctions before the court accepts a guilty or no-contest plea may form the basis to vacate the plea. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. "Further, this court and the courts of eight other appellate districts agree that where the trial court failed to personally address a defendant and inform him of the maximum length of the post-release control period before accepting his guilty plea, the court fails to substantially comply with Ohio R. Crim. P. 11(C)(2)(a) and R.C. 2943.032(E)." Crosswhite, 2006-Ohio-1081, at ¶ 11 (citations omitted).
 {¶ 7} The trial court did not substantially comply with Crim.R. 11(C) and R.C. 2943.032(E) by informing appellant of the post-release control sanctions that would be imposed before it accepted his guilty plea. Therefore, we reverse appellant's conviction and remand with instructions to vacate the order accepting appellant's guilty plea and to proceed on the indictment. This disposition renders moot appellant's second assignment of error, challenging the sentence imposed by the court.
Reversed and remanded with instructions.
This cause is reversed and remanded with instructions to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and McMonagle, J. concur.
[1] At the plea hearing, the prosecutor noted that this amendment of the indictment would "automatically drop" the major drug offender specification pursuant to R.C. 2941.1410. Nonetheless, the judgment of conviction indicates that appellant pleaded guilty to "trafficking in drugs with major drug offender specification, 500 to 1,000 grams." By definition, a "major drug offender" is one who "pleads guilty to * * * sale of * * * any drug * * * that consists of or contains at least one thousandgrams of cocaine that is not crack cocaine * * *." The amount of cocaine involved in the crime to which appellant pleaded guilty was less than one thousand grams. Hence, the judgment entry is incorrect. In light of our determination that the trial court should not have accepted appellant's plea, however, there is no need to correct the judgment.