JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Jabbar Jacobs appeals from his conviction for drug trafficking with a firearm specification. He contends that the court denied him due process by failing to inform him, before he entered his guilty plea, that he was subject to a period of post-release control; the court "illegally" ordered his driver's license to be suspended following his release from prison; the court imposed a fine upon him although it had not informed him that he was subject to a fine; the court erroneously refused to vacate the fine; and the sentence imposed in the court's journal entry differed from that imposed in open court. We agree that the trial court erroneously failed to inform appellant that he was subject to a period of post-release control before it accepted his plea. Therefore, we reverse the judgment of conviction and remand with instructions to vacate the guilty plea and proceed on the indictment.
 {¶ 2} Appellant was charged in a nine-count indictment filed July 23, 2002, with possession of crack cocaine with firearm and major drug offender specifications; trafficking in crack cocaine with firearm and major drug offender specifications; possession of cocaine with a firearm specification; trafficking in cocaine with a firearm specification; trafficking in marijuana with a firearm specification; possession of criminal tools; having a weapon while under disability; illegal manufacture of cocaine and/or crack cocaine with a firearm specification; and tampering with evidence.
 {¶ 3} The court held a hearing on April 10, 2003, at which it reviewed the terms of a proposed plea agreement. Appellant agreed to enter a plea of guilty to the second count, trafficking in crack cocaine, which was amended to reduce the amount of contraband involved and to remove the major drug offender specification. As part of the agreement, appellant agreed to a sentence of one year on the firearm specification, to be served prior and consecutive to a term of seven years' imprisonment on the underlying charge, for a total of eight years' imprisonment. He further agreed to forfeiture of various confiscated items, including currency, bank accounts, and automobiles.
 {¶ 4} Following the state's recitation of the terms of the proposed agreement, the court addressed the appellant. The court inquired about appellant's understanding of his right to a jury trial, his right to representation by counsel, his right of confrontation, his right to compel witnesses on his own behalf, and his right to require the state to prove his guilt at a trial at which he could not be forced to testify against himself. The court further asked whether appellant understood that his guilty plea waived all of these rights and was a complete admission of guilt. The court informed appellant that the potential sentence if he was convicted of all counts was a minimum of 21 years' imprisonment and a maximum of 58 years, but that his agreed sentence was eight years, consisting of seven years on the underlying offense and one year on the firearm specification, to be served prior and consecutive thereto. Appellant confirmed that this agreed sentence was the only promise made to him.
 {¶ 5} The court told appellant that the potential sentence on count two as amended was three to ten years in one year increments, plus one year on the drug specification to be served prior and consecutive to the underlying sentence, and that he was not eligible for probation on that offense. The court ensured that the appellant understood that the sentence imposed was the sentence he would serve, and would not be reduced for good behavior. Finally, the court inquired whether there was anything appellant did not understand about the proceedings, and whether he was satisfied with his attorney. The court then asked appellant how he wished to plead to amended count two; appellant replied "guilty." Appellant agreed that the plea was voluntary, and further agreed to the forfeiture.
 {¶ 6} The court immediately proceeded to sentence appellant to one year of imprisonment on the firearm specification, to be served prior and consecutive to a sentence of seven years' imprisonment on count two. The court further imposed five years of post-release control, during which time appellant was to pay court costs, a basic supervision fee, and any applicable fines. The court finally imposed a fine of $20,000.
 {¶ 7} In this delayed appeal, appellant contends that his plea was not knowingly and voluntarily entered because the court did not inform him that he would be subject to a period of post-release control before it accepted his plea. "R.C.2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner. Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed." State v. Crosswhite, Cuyahoga App. No. 86345, 2006-Ohio-1081, ¶ 7 (citing Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171). The Ohio Supreme Court has noted that the trial court's failure to notify the defendant of post-release control sanctions before the court accepts a guilty or no-contest plea may form the basis to vacate the plea. Statev. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. "Further, this court and the courts of eight other appellate districts agree that where the trial court failed to personally address a defendant and inform him of the maximum length of the post-release control period before accepting his guilty plea, the court fails to substantially comply with Ohio R. Crim. P. 11(C)(2)(a) and R.C. 2943.032(E)." Crosswhite, 2006-Ohio-1081, at ¶ 11 (citations omitted).
 {¶ 8} The trial court did not substantially comply with Crim.R. 11(C) and R.C. 2943.032(E) by informing appellant of the post-release control sanctions that would be imposed. The court did not mention post-release control at all during the plea hearing. Although it did notify him at sentencing, informing a defendant at sentencing that he is subject to post-release control will not validate a guilty plea entered without such knowledge. State v. Pendleton, Cuyahoga App. No. 84514,2005-Ohio-3126, ¶ 12 (quoting State v. Delventhal, Cuyahoga App. No. 81034, 2003-Ohio-1503). In any case, even when it imposed post-release control at sentencing, the court did not inform appellant of the consequences of a violation. Therefore, the court erred by accepting appellant's guilty plea. We reverse appellant's conviction and remand with instructions to vacate the order accepting appellant's guilty plea and proceed on the indictment. This disposition renders moot appellant's remaining assignments of error.
Reversed and remanded with instructions.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Blackmon, J., concur.