[Cite as *State v. Simmons*, 2013-Ohio-5026.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99513 and 100552**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LANELL SIMMONS

DEFENDANT-APPELLANT

# JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-564223 and CR-565125

**BEFORE:** S. Gallagher, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Jennifer L. O'Malley
        Brian M. McDonough
Assistant Prosecuting Attorneys
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Lanell Simmons, appeals his conviction, rendered upon his guilty plea, in Cuyahoga C.P. Nos. CR-565125 and CR-564223. For the following reasons, we affirm Simmons's conviction.

{¶2} Simmons pleaded guilty to attempted felonious assault, failure to comply, and drug possession in case No. CR-565125, felonies of the second, third, and fifth degree respectively. In case No. CR-564223, Simmons pleaded guilty to receiving stolen property ("RSP"), a fifth-degree felony. The trial court sentenced Simmons to an aggregate term of eight years in prison, imposed the mandatory three-year term for postrelease control based on the felonious assault conviction, and waived all costs and fines.

{¶3} Simmons timely appeals, claiming, in two assigned errors, that his plea was not voluntarily, intelligently, or knowingly entered because the trial court failed to inform him of the court costs or fines that could have been imposed for each respective crime, and failed to inform him that a discretionary three-year term of postrelease control could be imposed for the RSP count. Simmons's assignments of error are without merit.

{¶4} Before accepting a guilty plea, a trial court must address the defendant personally and determine that he is making the plea voluntarily "with understanding of the nature of the charges and the maximum penalty involved." Crim.R. 11(C)(2)(a). Postrelease control, fines, and costs all constitute a portion of the maximum penalty involved in an offense for which a prison term is imposed. *State v. McKissic*, 8th Dist.

Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 6, citing *State v. Crosswhite*, 8th Dist. Cuyahoga Nos. 86345 and 86346, 2006-Ohio-1081 (postrelease control); *State v. Flagg*, 8th Dist. Cuyahoga Nos. 93248 and 93279, 2010-Ohio-4247, ¶ 33 (fines and costs). Thus, if a trial court fails to advise a defendant during a plea colloquy that the sentence will include a term of postrelease control or the imposition of a fine or costs, the defendant may dispute the knowing, intelligent, and voluntary nature of his plea on direct appeal. *McKissic* at ¶ 6, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 25.

{¶5} Generally,

[a] trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights. With respect to the other requirements of Crim.R. 11(C)(2) regarding nonconstitutional rights, reviewing courts consider whether there was substantial compliance with the rule. [The right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction is a nonconstitutional right] and therefore subject to the substantial-compliance standard.

"Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. The test for prejudice is whether the plea would have otherwise been made.

(Citations omitted.) *McKissic* at ¶ 11-13.

{¶6} Simmons complains that the trial court failed to inform him of the possible fines he faced upon his felony conviction and that, for one count of his multi-count plea,

the court failed to inform him that he could be subject to a discretionary three-year term of postrelease control. The state concedes the trial court's omissions. Simmons, however, otherwise agreed that the trial court fulfilled its obligations pursuant to Crim.R. 11 to advise him to make his plea knowingly, voluntarily, and intelligently. Further, it is not disputed that the trial court advised Simmons of the maximum penalty he faced other than fines and court costs and the discretionary postrelease control term for the RSP count. Simmons cannot show prejudice or that he would not have entered the plea knowing that fines and court costs were possible. The trial court did not impose any fines, waived all court costs for Simmons at sentencing, and actually imposed a mandatory three-year term of postrelease control for Simmons's guilty plea to the felonious assault charge.

{¶7} With respect to the trial court's omission to notify Simmons of the possible fines and court costs, because the trial court never actually imposed the fines or court costs, Simmons cannot show that he would not have entered the plea. Simmons received the incarceration penalty within the range of what the trial court informed him was possible at sentencing, including the mandatory three-year term of postrelease control on the felonious assault count. Further, this court has consistently held that a trial court's failure to inform the defendant of the maximum penalty aside from the fines and costs satisfies the court's obligation pursuant to Crim.R. 11(C)(2) when the court does not impose any monetary punishments. *Flagg*, 8th Dist. Cuyahoga Nos. 93248 and 93279,

2010-Ohio-4247, ¶ 33; *State v. Smith*, 8th Dist. Cuyahoga No. 36588, 1977 Ohio App. LEXIS 8585, *3 (Dec. 8, 1977).

**{¶8}** Likewise, Simmons cannot show prejudice on his claim that the trial court erred in failing to inform him of the possibility of postrelease control for the RSP count. The trial court partially informed him of the maximum penalties in all other respects. Further, the trial court is not permitted to impose multiple terms of postrelease control for each felony sentence. *State v. Simpson*, 8th Dist. Cuyahoga No. 88301, 2007-Ohio-4301, ¶ 109. Simmons was subject to a mandatory three-year term of postrelease control on his felonious assault guilty plea. The trial court, therefore, was statutorily required to impose a three-year term on the felonious assault count. The trial court informed Simmons of the mandatory three-year term of postrelease control. Simmons, therefore, cannot show prejudice with regard to his plea to the RSP count; the prison term was run concurrent with the felonious assault count.

**{¶9}** Simmons pleaded guilty knowing the mandatory three-year term of postrelease control would be imposed, and he cannot now demonstrate that he would not have entered the plea knowing a discretionary three-year term of postrelease control could be imposed on a lesser charge if not for the felonious assault count. Further, the trial court could only impose one term of postrelease control, in this case being the mandatory term, not the discretionary term Simmons complains of on appeal.[1]

---

[1]We note that Simmons is not appealing his sentence; he solely challenged the voluntariness of his plea in light of the plea colloquy, and the scope of our review is accordingly restrained to the issues raised in Simmons's assignments of

**{¶10}** In light of the foregoing, Simmons cannot show he was prejudiced by the trial court's minor omissions in informing him of his nonconstitutional rights. The trial court substantially complied with its obligations to inform Simmons of such rights, and Simmons's guilty plea was otherwise entered knowingly, voluntarily, and intelligently.

**{¶11}** Simmons's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR

---

error.