[Cite as *State v. Tellis*, 2023-Ohio-1715.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DEANGELO D. TELLIS, | : | Case No. CT2022-0036 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Muskingum County
                                       Court of Common Pleas, Case No.
                                       CR2021-0185


JUDGMENT:                              Affirmed


DATE OF JUDGMENT:                      May 22, 2023


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RON WELCH                              CHRIS BRIGDON
Prosecuting Attorney                   8138 Somerset Road
Muskingum County, Ohio                 Thornville, Ohio 43076

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Appellant Deangelo D. Tellis appeals from his sentence, which was imposed after he changed his plea to guilty pursuant to a plea agreement. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On April 8, 2021, the appellant was indicted by the Muskingum County Grand Jury on thirty-two counts, summarized as follows:

(1)     one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), with multiple major drug offender specifications and a firearm specification;

(2)     seven counts of money laundering in violation of R.C. 1315.55(A)(3);

(3)     eleven counts of trafficking in drugs in violation of R.C. 2925.03(A), some of which had major drug offender specifications;

(4)     six counts of permitting drug abuse in violation of R.C. 2925.13(A), some of which had forfeiture specifications;

(5)     four counts of possession of drugs in violation of R.C. 2925.11(A), some with major drug offender specifications, firearm specifications, and/or forfeiture specifications;

(6)     one count of illegal manufacture of drugs in violation of R.C. 2925.04(A) with firearm specifications and a forfeiture specification;

(7)     one count of possession of criminal tools in violation of R.C. 2923.24(A) with a firearm specification; and,

(8)     one count of having a weapon while under disability in violation of

R.C. 2923.13(A)(4).

Bond was set at $2,000,000.00.

{¶3}   The appellant was arrested on April 23, 2021, and pleaded not guilty at his April 28, 2021 arraignment, at which time his bond was continued.

{¶4}   The investigation leading to the appellant's arrest spanned just over two years, involved multiple law enforcement agencies, and encompassed a significant amount of discovery. The appellant waived his right to a speedy trial, and moved for a continuance of the trial date so that counsel could adequately review the file materials and prepare for trial. The motion was granted and trial was continued until January 25, 2022. Trial was continued a second time until May 3, 2022.

{¶5}   On April 26, 2022, the appellant withdrew his not guilty plea and entered a plea of guilty to the following: 1) count one, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) with a major drug offender specification pursuant to R.C. 2941.1410, a felony of the first degree; 2) count thirteen, trafficking in drugs (Methamphetamine) in violation of R.C. 2925.03(A)(1), a felony of the third degree; 3) count seventeen, trafficking in drugs (Fentanyl-related compound) in violation of R.C. 2925.03(A)(1), a felony of the third degree; and, 4) count thirty, trafficking in drugs (Fentanyl-related compound) in violation of R.C. 2925.03(A)(2), a felony of the third degree. The Plea of Guilty was reviewed with the appellant, who initialed and signed it. Specifically, the appellant acknowledged the maximum penalty for each offense as follows:

{¶6} As to count one, the engaging in a pattern of corrupt activity charge, the appellant acknowledged the stated minimum prison term of 3, 4, 5, 6, 7, 8, 9, 10 or 11 years, an indefinite term of up to 5.5 years, a possible maximum of 16.5 years, a fine of $0.00 up to $20,000.00, that the mandatory fine was not applicable, that there was no mandatory prison time, and that the prison time need not be consecutive; the appellant acknowledged further that the major drug offender specification attached to the engaging in a pattern of corrupt activity charge carried a minimum prison term of 11 years, carried mandatory prison time, and that the prison time need not be consecutive.

{¶7} As to count thirteen, the trafficking in drugs (Methamphetamine) charge, the appellant acknowledged the stated minimum prison term of 9, 12, 18, 24, 30 or 36 months, that there was no indefinite term and no possible maximum, that there was a fine of $0.00 up $10,000.00 and a mandatory fine of $5,000.00 up to $10,000.00, that there was no mandatory prison time, and that prison time need not be consecutive.

{¶8} As to count seventeen, the trafficking in drugs (Fentanyl-related compound) charge in violation of R.C. 2925.03(A)(1), the appellant acknowledged the stated minimum prison term of 9, 12, 18, 24, 30 or 36 months, that there was no indefinite term and no possible maximum, that there was a fine of $0.00 up $10,000.00 and a mandatory fine of $5,000.00 up to $10,000.00, that there was no mandatory prison time, and that prison time need not be consecutive.

{¶9} As to count thirty, the trafficking in drugs (Fentanyl-related compound) charge in violation of R.C. 2925.03(A)(2), the appellant acknowledged the stated minimum prison term of 9,12, 18, 24, 30 or 36 months, that there was no indefinite term and no possible maximum, there was a fine of $0.00 up $10,000.00 and a mandatory fine

of $5,000.00 up to $10,000.00, that there was no mandatory prison time, and that prison time need not be consecutive.

**{¶10}** Further, the appellant acknowledged receipt of the "Notice of Non-Life Felony Indefinite Prison Term" document, and acknowledged that post release control upon release from prison is a mandatory 2, up to 5, years. Significantly, the Plea of Guilty set forth the following:

Upon a plea of "guilty" to Count One, as contained in the indictment, and Counts Thirteen, Seventeen, and Thirty, as amended, **the parties agree to a joint recommendation that the Defendant be sentenced to sixteen and on half (16 ½) years in prison.** The State agrees to dismiss Counts Fourteen, Eighteen, Nineteen, Twenty, Twenty-one, Twenty-eight, Twenty-nine, Thirty-one and Thirty-two of the indictment and the Major Drug Specification only attached to Counts Thirteen and Thirty of the indictment at the time of sentencing.

Such joint recommendation is conditioned upon Defendant's compliance with all bond conditions and Defendant's compliance with all laws pending sentencing on this matter. The parties stipulate that the counts herein do not merge.

(Underlining original, boldface added.)

**{¶11}** The Plea of Guilty was signed by the appellant and his counsel, as well as the prosecuting attorney.

**{¶12}** A Plea Hearing was conducted on April 26, 2022 memorializing the Plea of Guilty document. The trial court addressed the appellant personally pursuant to Crim. R.

11(C)(2) prior to accepting his plea. The trial court's discussion with the appellant regarding his guilty plea included, but was not limited to, the following exchange:

THE COURT: You understand you're offering to plead guilty to four counts. Count 1 is engaging in a pattern of corrupt activity, a felony of the first degree?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that offense generally carries a possible penalty of 3 to 11 years of imprisonment in one-year increments and an indefinite term of 5.5 years, which creates a possible maximum of 16.5 years. And there is, though a major drug offender specification, which makes it one possible sentence, and that would be 11 mandatory years, which the possible maximum then would still be 16.5 with the indefinite term of 5.5. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT:  And I'll go through the other three counts. They're all the same, trafficking in drugs, all are felonies of the third degree. You understand that each of those carry a possible penalty of 9, 12, 18, 24, 30 or 36 months of imprisonment; a fine of up to $10,000; a mandatory fine - - is there a mandatory fine on those F-3s?

MR. MANGO:  I don't believe so, Your Honor.

MR. LITLE:   I'm sorry, what was that?

THE COURT: A mandatory fine on the F-3s?

MR. LITLE: There is a mandatory fine by law on those F-3s. It's 5,000 to 10,000.

THE COURT: 5,000 to 10,000. Okay. I learn something every day. Did you understand all that?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand when there are multiple offenses that don't merge, the Court could order the sentences to be served consecutively which means one after the other?

THE DEFENDANT: Which one?

THE COURT: You understand when there are multiple offenses that don't merge, the Court could order sentences to be served consecutively?

THE DEFENDANT: Which sentences?

THE COURT: Any one. All of those counts could be consecutive to each other.

THE DEFENDANT: You said it could?

THE COURT: It could I'm not saying mandatory. I just need you to know that that's a possibility in regards to maximum sentences. That's not what they're recommending that's not what you're getting, but - -

THE DEFENDANT: Yes, sir.

{¶13} The trial court then read to the appellant a concise summary of the possible sentence, including the indefinite, minimum, and maximum terms, after which it summarized the parties' plea agreement:

THE COURT:  The State of Ohio is recommending that you receive a total, I believe, of 16 and one-half - - no joint recommendation to 16 and one-half years in prison. They agree to dismiss Counts 14, 18, 19, 20, 21, 28, 29, 31 and 32 of the indictment and the major drug specifications only attached to Counts 13 and 30 of the indictment at the time of sentencing. Is that your understanding of the plea negotiations?

THE DEFENDANT:  Yes, sir.

{¶14}  The trial court reviewed with the appellant all the rights he was giving up in pleading guilty pursuant to the negotiated plea agreement, which the appellant acknowledged. The prosecutor summarized the charges, and the appellant's trial counsel requested that fines be waived due to the appellant's indigency. The trial court then sentenced the appellant as the parties had agreed in the joint recommendation:

THE COURT:  Mr. Tellis, I am going to sentence you pursuant to the plea negotiations, and that means in Count 1 will be an 11-year mandatory sentence. I'm going to - - on Count 13 and Count 17 will both be 36 months to be served concurrently with each other. Count 30 will be 30 months and that will be served consecutive to 13 and 17, for a total of 5.5 years, which, in turn, that total will be consecutive to Count 1, which will make the 16 and one-half year sentence. Do you understand?

THE DEFENDANT:  Yes, sir.

{¶15}  At the conclusion of the Plea Hearing the trial court told the appellant: "I'm not going to impose any of the fines or court costs in this matter because of the length of your sentence. You will be incarcerated and indigent during that time period."

{¶16} The trial court thus imposed the sentence to which the appellant had agreed, and which had been jointly recommended by the parties.

{¶17} The appellant filed a timely appeal, and sets forth the following assignments of error:

{¶18} "I. DID THE APPELLANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A PLEA OF GUILTY BECAUSE THE TRIAL COURT DID NOT INFORM HIM OF THE MAXIMUM POTENTIAL FINE AS REQUIRED BY CRIM.R. 11(C)(2)(A)."

{¶19} "II. THE APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A PLEA OF GUILTY BECAUSE THE APPELLANT MAY HAVE BEEN MISLED REGARDING CONSECUTIVE SENTENCES."

{¶20} "III. SHOULD THIS HONORABLE COURT SHOULD [SIC] VACATE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES ON COUNTS 1, 13, 17, AND COUNT 30 (AS AMENDED), BECAUSE THE CONSECUTIVE SENTENCES ARE IN CONTRAVENTION OF THE SENTENCING STATUTES."

{¶21} "IV. SHOULD THIS HONORABLE COURT VACATE THE TRIAL APPELLANT'S PLEA OF GUILTY BECAUSE THE APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A PLEA OF GUILTY BECAUSE THE TRIAL COURT DID NOT INFORM HIM OF THE CORRECT MANDATORY SENTENCE AS REQUIRED BY CRIM.R. 11(C)(2)(A)?"

{¶22} The appellant argues that the trial court erred in imposing sentence. We disagree.

**STANDARD OF REVIEW**

**{¶23}** Felony sentences are reviewed on appeal under R.C. 2953.08. *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2).

**ANALYSIS**

**Assignment of Error No. I**

**{¶24}** The appellant asks in Assignment of Error No. I whether he knowingly, intelligently, and voluntarily entered a plea of guilty because the trial court did not inform him of the maximum potential fine as required by Crim.R. 11(C)(2)(A).

**{¶25}** This argument must fail for two reasons. First, the appellant was, in fact, made aware of the possible fines in connection with the charges to which he was pleading guilty:

THE COURT:  And I'll go through the other three counts. They're all the same, trafficking in drugs, all are felonies of the third degree. You understand that each of those carry a possible penalty of 9, 12, 18, 24, 30 or 36 months of imprisonment; a fine of up to $10,000; a mandatory fine - - is there a mandatory fine on those F-3s?

MR. MANGO:  I don't believe so, Your Honor.

MR. LITLE:    I'm sorry, what was that?

THE COURT: A mandatory fine on the F-3s?

MR. LITLE: There is a mandatory fine by law on those F-3s. It's 5,000 to 10,000.

THE COURT: 5,000 to 10,000. Okay. I learn something every day. Did you understand all that?

THE DEFENDANT: Yes, sir.

Plea Hearing Transcript at p. 6.

**{¶26}** Second, the trial court did not impose any fines upon the appellant during sentencing and, as such, he was not prejudiced by any alleged failure on the part of the trial court to discuss maximum potential fines in its Crim.R.11(C)(2)(A) colloquy. As set forth by the court in *State v. Willard*, 11th Dist. Trumbull No. 2020-T-0040, 2021-Ohio-2552, 175 N.E.3d 989:

Courts have held where a trial court fails to advise a defendant of some facet of a maximum penalty but otherwise complies with Crim.R. 11(C)(2)(a), the defendant cannot show prejudice if the trial court does not actually impose the component of the maximum sentence that it did not discuss. *See State v. Liles*, 3d Dist. Allen No. 1-18-69, 2019-Ohio-3029, 2019 WL 3406317, ¶ 23; *State v. Simmons*, 8th Dist. Cuyahoga Nos. 99513 and 100552, 2013-Ohio-5026, 2013 WL 6021457, ¶ 7. For example, in *Simmons*, the Eighth District found no resulting prejudice from the trial court's failure to advise the defendant of possible fines and court costs

where it did not actually impose them and otherwise advised the defendant

of the maximum penalty he faced. *Id.* at ¶ 7.

*Id.* at ¶ 100.

**{¶27}** In this case, because the trial court did not impose any fines upon the appellant, maximum or otherwise, he was not prejudiced by any alleged failure to advise him of the maximum fines possible. Accordingly, appellant's Assignment of Error No. I is without merit, and is overruled.

**Assignment of Error Nos. II, III, and IV**

**{¶28}** The appellant submits in Assignment of Error No. II that he did not knowingly, intelligently and voluntarily enter a guilty plea because he may have been misled regarding consecutive sentences, and asks in Assignments of Error Nos. III and IV whether the appellant's sentence should be vacated because the trial court's decision to impose consecutive sentences is in contravention of law, and because the trial court did not inform him of the correct mandatory sentence. We find these assignments of error to be without merit.

**{¶29}** R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." This language was applied by this Court in *State v. Rockwell,* 5th Dist. Stark No. 2004CA00193, 2005-Ohio-5213 as follows:

> As is stated above, appellant was sentenced to the twenty year sentence that was recommended jointly by the defense and the prosecution. R.C. 2953.08(D) states the following, in pertinent part; "A

sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge...." A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. *State v. Rogg,* Highland App. No. 00CA07, 2001–Ohio–2366; *State v. Engleman* (Aug. 18, 2000), Hamilton App. No. C–990845, 2000 WL 1162002; *State v. Amstutz* (Nov. 8, 1999), Stark App. No.1999CA00104, 1999 WL 1071966.

Upon review, we find that the trial court imposed the agreed upon sentence and that the sentence did not exceed the maximum sentence. Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E)(4). See *State v. Porterfield,* 106 Ohio St.3d 5, 829 N.E.2d 690, 2005–Ohio–3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also *State v. Horsley,* Richland App. No. 04–CA–95, 2005–Ohio–2987, *State v. Turner,* Richland App. Nos. 04–CA–01, 04–CA–27, 2005–Ohio–2986. See also *State v. Bryant,* Lucas App. No. L–03–1359, 2005–Ohio3352, in which the court, in response to the appellant's argument that his sentencing violated *Blakely,* supra., held that "the eight year sentence imposed by the trial court was an agreed upon

sentence and any matters concerning that sentence are not subject to review under R.C. 2953.08(D)(11). Id at paragraph 24.

In short, we find that appellant was sentenced in accordance with a jointly recommended sentence that was authorized by law. Appellant's sentence, therefore, is not subject to review.

*Id.* at ¶¶19-21.

**{¶30}** See, also, *State v. Lee,* 5th Dist. Muskingum No. 08-CA-70, 2009-Ohio-3423 at ¶18 ("Where the record indicates that a defendant freely and knowingly entered into a plea agreement and a jointly recommended sentence, and the trial court imposes that sentence which is authorized by law, the sentence is not subject to appellate review.")

**{¶31}** The appellant pleaded guilty to four counts. The first count to which the appellant pleaded guilty was engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) with a major drug offender specification pursuant to R.C. 2941.1410, a felony of the first degree. R.C. 2929.14(A)(1)(a) authorizes a sentence of eleven years for this charge. In addition, the appellant pleaded guilty to two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), felonies of the third degree. R.C. 2929.14(A)(3)(b) authorizes a sentence of 36 months for these charges. Finally, the appellant pleaded guilty to one count of trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the third degree. R.C. 2929.14(A)(3)(b) authorizes a sentence of 30 months for this charge. The trial court ordered that the appellant's two charges under RC 2925.03(A)(1) run concurrently. Accordingly, the total authorized aggregate sentence is 16 ½ years. The appellant's sentence was therefore authorized by law.

**{¶32}** The appellant was sentenced in accordance with a jointly recommended sentence that was authorized by law. The April 26, 2022 Plea of Guilty set forth the charges to which the appellant was pleading guilty, the stated minimum prison terms, the indefinite terms, the possible maximums, the possible fines, the mandatory fines, the mandatory prison time, and whether prison time must be consecutive. The Plea of Guilty reflects that the appellant received the Notice of Non-Life Felony Indefinite Prison Term", and was advised regarding post-release control. The Plea of Guilty form specifically stated that "the parties agree to a joint recommendation that the [appellant] be sentenced to sixteen and one half (16 ½ ) years in prison." The Plea of Guilty form was initialed by the appellant at significant sections, and was signed by the appellant and his trial counsel.

**{¶33}** Furthermore, the trial court conducted a Plea Hearing at which it reviewed the contents of the Plea of Guilty form, and conducted the requisite Crim.R.11 colloquy.

**{¶34}** Based upon the fact that the appellant entered into a joint agreement in which he agreed to plead guilty to Counts 1, 13, 17, and 30, in exchange for the prosecution's dismissal of Counts 14, 18, 19. 20, 21, 28, 29 31, and 32 and the major drug specifications attached to Counts 13 and 30 and a 16 ½ year prison term, and that sentence is precisely what the trial court imposed, the appellant's sentence is not subject to review.

**{¶35}** Accordingly, the sentence is not subject to review under R.C. 2953.08, and appellant's Assignments of Error Nos. II, III, and IV are overruled.

## CONCLUSION

{¶36} Based upon the foregoing, appellant's Assignments of Error Numbers I, II, III, and IV are overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.