[Cite as *State v. Barhams*, 2025-Ohio-270.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,      :

                              No. 113689

    v.                       :

ERIC BARHAMS, JR.,                :

    Defendant-Appellant.     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679275-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Timothy R. Troup, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Dean M. Valore, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Appellant Eric Barhams, Jr. ("Barhams") appeals his convictions arguing that his guilty plea was not entered knowingly, intelligently or voluntarily. He also appeals the Cuyahoga County Court of Common Pleas, Juvenile Division's

judgment entry finding him not amenable to rehabilitation within the juvenile justice system.  After reviewing the facts of the case and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} On November 22, 2022 Barhams was charged in a 12-count complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court") case number DL22112049.  On November 28, 2022, the State moved the juvenile court to relinquish jurisdiction to the Cuyahoga County Court of Common Pleas, General Division pursuant to R.C. 2152.10(B).  On January 19, 2023, Barhams waived the probable cause hearing requirement and, on March 7, 2023, an amenability hearing was conducted by the juvenile court.  After assessing the requisite statutory factors, the juvenile court found Barhams was not amenable to rehabilitation within the juvenile justice system.  Barhams' case was then bound over to the general division of the common pleas court for further proceedings — Cuyahoga C.P. No. CR-23-679275-A.

{¶ 3} On March 10, 2023 Barhams was indicted by a Cuyahoga County Grand Jury in a 12-count indictment including the following:  two counts of aggravated murder, unclassified felonies, in violation of R.C. 2903.01(A), with one- and three-year firearm specifications; two counts of murder, unclassified felonies, in violation of R.C. 2903.02(A) with one- and three-year firearm specifications; two counts of murder, unclassified felonies, in violation of R.C. 2903.02(B), with one- and three-year firearm specifications; four counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A), with a one- and three-year firearm

specifications; tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), with a one-year firearm specification and obstructing official business, a second degree misdemeanor, in violation of R.C. 2921.31(A).

{¶ 4} On December 18, 2023 after the court conducted a Crim.R. 11 plea colloquy, Barhams pled guilty to murder in violation of R.C. 2903.02(A) with a three-year firearm specification and guilty to involuntary manslaughter in violation of R.C. 2903.04(A).

{¶ 5} On February 20, 2024 the trial court sentenced Barhams to an aggregate indefinite prison term of 22-24 years to life pursuant to the Reagan Tokes Law.

{¶ 6} Barhams raises three assignments of error for our review:

First Assignment of Error:

Appellant's plea was not knowingly, voluntarily, and intelligently entered.

Second Assignment of Error:

The trial court abused its discretion committing reversible error and prejudicing Appellant when it found Appellant not to be amenable to rehabilitation within the juvenile justice system and bound him over to adult court.

Third Assignment of Error:

The trial court committed reversible error prejudicing Appellant when it imposed an unconstitutional sentence upon Appellant pursuant to the "Reagan-Tokes Law," which is unconstitutional on its face.

**Law and Argument**

**First Assignment of Error**

{¶ 7} For his first assignment of error Barhams argues that his guilty pleas were not knowingly, voluntarily and intelligently entered. Specifically, Barhams argues that the trial court failed to inform him about the mandatory postrelease control he would be subjected to prior to accepting his plea pursuant to Crim.R. 11(c)(2). We disagree.

{¶ 8} "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). A trial court's compliance with Crim.R. 11 when it accepts an offender's plea is reviewed under a de novo standard. *State v. Cardwell,* 2009-Ohio-6827, ¶ 26 (8th Dist.), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶ 9} Crim.R. 11 reads, in pertinent part:

(C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c). Specific to this appeal, this court has held that postrelease control constitutes "a portion of the maximum penalty involved in an offense for which a prison term is imposed" under Crim.R. 11(C)(2)(a). *State v. Ponomarenko*, 2024-Ohio-4789, ¶ 19 (8th Dist.), citing *State v. Simmons*, 2013-Ohio-5026, ¶ 4 (8th Dist.).

{¶ 10} The applicable standard when determining whether a defendant's plea was made understandingly and voluntarily in compliance with Crim.R. 11(C) is no longer one of strict or substantial compliance. *State v. Dangler*, 2020-Ohio-2765 at ¶ 17. Instead, the Ohio Supreme Court identified these questions to be asked when reviewing a trial court's Crim.R. 11(C) plea colloquy:

(1) Has the trial court complied with the relevant provision of the rule?

(2) If the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and

(3) If a showing of prejudice is required, has the defendant met that burden?

*Id.* When a trial court completely fails to comply with Crim.R. 11(C)(2)(a) or (C)(2)(b), the defendant need not show prejudice. *Id.*

{¶ 11} During Barhams' plea hearing the court informed Barhams as follows:

THE COURT: [Postrelease control] would only apply to Count Seven. In Count Seven, the PRC would be for a mandatory minimum of two-years up to a maximum of five-years on that sentence in Count Seven.

Once post-release control is imposed, if you violate, the Adult Parole Authority would be authorized to return you to prison for up to a maximum of one half of the original sentence imposed. If you are convicted of a new felony while on post-release control, in addition to being punished for the new offense, the judge could add an additional consecutive prison term of one-year, or what time remains on your post-release control term, whichever is greater, as a maximum. And if you were ever placed on post-release control for this case, if while on post-release control you fail to report to your parole officer, you could be charged with a crime of escape, which is a separate felony.

Sir, do you have any questions about your rights, the charges, the penalties or anything I've gone over today?

THE DEFENDANT: No, Your Honor.

THE COURT: Mr. Dennie, Ms. Dixon, are you satisfied the Court has complied with Criminal Rule 11?

MR. DENNIE: Yes, Judge.

THE COURT: And Mr. Dakdouk?

MR. DAKDOUK: Yes, Your Honor.

THE COURT: All right. Thank you. Let the record reflect the Court is satisfied that Mr. Barhams has been informed of his constitutional rights, that he understands the nature of the charges, the effect of a plea, and the maximum penalties which may be imposed.

{¶ 12} We find on a review of the record that the trial court complied with

Crim.R. 11(C)(2)(a) by informing Barhams during the plea hearing that he would be

subject to postrelease control upon his release from prison pursuant to his guilty plea to Count 7.  As noted above in *Ponomarenko*, this is part of the "maximum penalty involved" as required by Crim.R. 11(C)(2)(a).  Further we find Barhams did not object during the hearing to anything that occurred and instead he indicated his agreement and acceptance to everything the court said.

{¶ 13} Based on the foregoing we overrule Barhams' first assignment of error.

**Second Assignment of Error**

{¶ 14} For his second assignment of error, Barhams argues that the juvenile court abused its discretion by finding that he was not amenable to rehabilitation within the juvenile justice system and binding him over to the common pleas court. We disagree.

{¶ 15} An appellate court reviews a juvenile court's amenability determination under an abuse-of-discretion standard.  *In re M.P.*, 2010-Ohio-599, ¶ 14.  A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. *State v. Hill*, 2022-Ohio-4544, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  So long as the juvenile court considers the appropriate statutory factors and the record provides a rational and factual basis to support its decision, the juvenile court's amenability determination cannot be reversed, regardless of our personal views of the evidence.  *State v. Nicholson*, 2022-Ohio-2037, ¶ 206 (8th Dist.), citing *State v. Crosby*, 2019-Ohio-2217 (8th Dist.).

{¶ 16} "Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an

adult." *In re M.P.* at ¶ 11; R.C. 2151.23(A). "Pursuant to R.C. 2152.12, under specified circumstances a juvenile may be subject to a mandatory or discretionary transfer, also referred to as bindover, from the juvenile court setting to adult court for criminal prosecution. Whether an alleged offender is subject to mandatory or discretionary transfer depends on such factors as the nature of the offense, the age of the child, and the child's prior criminal history." R.C. 2152.12(A) and (B); *State v. Jones*, 2022-Ohio-1169, ¶ 19 (8th Dist.), citing *Steele v. Harris*, 2020-Ohio-5480, ¶ 10.

{¶ 17} In this case, Barhams' transfer was discretionary. "Discretionary transfer, as its name implies, allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety." *State v. Hanning*, 89 Ohio St.3d 86, 90 (2000); R.C. 2152.12(C). In a discretionary transfer proceeding, the juvenile court may transfer the child to adult court for prosecution if it finds (1) that the child was at least 14 years old at the time of the charged act; (2) there is probable cause to believe that the child committed the charged act and (3) the child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. R.C. 2152.12(B). *State v. Taylor*, 2024-Ohio-5094, ¶ 35 (8th Dist.).

{¶ 18} Here it is undisputed that Barhams was 15 years old at the time of the underlying offenses which satisfies the first requirement. Next, the court is required

to determine if there is probable cause that Barhams committed the acts charged. *Taylor* at ¶ 35 . Here, however, Barhams waived the probable cause hearing. With probable cause established, the last thing the juvenile court was required to do was conduct an amenability hearing.

**{¶ 19}** An amenability hearing "'is a factual determination of whether the accused is amenable to treatment and rehabilitation within the juvenile penal system.'" *Jones*, 2022-Ohio-1169, at ¶ 22, quoting *State v. Hopfer*, 112 Ohio App.3d 521 (2d Dist. 1996). In making the amenability determination under R.C. 2152.12(B), the juvenile court must weigh the statutory factors favoring transfer in R.C. 2152.12(D) against the statutory factors disfavoring transfer in R.C. 2152.12(E) and indicate on the record the specific factors it weighed in making its determination. R.C. 2152.12(B)(3); *Taylor* at ¶ 35. The juvenile court also orders an investigation into the child's social history, education, family situation and other relevant factors including a mental examination. R.C. 2152.12(C); *Jones* at ¶ 22. Discretionary transfer occurs only after a juvenile court finds the juvenile is unamenable. *Id.*

**{¶ 20}** The statutory factors that a juvenile court must consider "in favor of transfer" include:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3) The child's relationship with the victim facilitated the act charged.

(4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community-control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

R.C. 2152.12(D).

**{¶ 21}** The statutory factors that a juvenile court must consider "against a transfer" are:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.
(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or intellectual disability.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶ 22} In this case, the trial court considered the required statutory factors for transfer pursuant to R.C. 2152.12(D)(1)-(9). The trial court found factors (1), (3) and (5)-(9) applied in favor of transfer. Factors (2) and (4) were not applicable. Under factor (1) the court found that the victim suffered physical harm. For factor (3), the court found the child's relationship with the victim, his girlfriend, facilitated the act charged. For factor (5), the court found that Barhams had a firearm on his person and that he used the firearm in commission of the act charged. For factor (6), the court found that at the time of the act charged Barhams was awaiting adjudication or disposition as a delinquent child since he had been adjudicated as a delinquent on two separate occasions. For factor (7), as detailed in Barhams' psychological report, his previous juvenile sanctions do not indicate that rehabilitation is likely to occur in the juvenile justice system considering his history of escape, attempted escape and failure to return to previous rehabilitation centers. Also, while in a rehabilitation center, Barhams fought with another inmate and with staff and was found with a shank and drugs. For factor (8), the trial court found,

based on Barhams' psychological report, that his sophistication and maturity scored in the 88th percentile, indicating he has an internal locus of control and can consider consequences of his actions. The court found that, based on this report, Barhams was emotionally, physically and psychologically mature enough for transfer. Last, as to factor (9), the court found there is not sufficient time to rehabilitate Barhams.

{¶ 23} The trial court's judgment entry shows that it also considered a 10th factor based on his psychological report finding: "[t]he child has a history of fire setting, cruelty to animals, and his behavior in the Detention Center shows him involved in numerous physical altercations."

{¶ 24} The court also considered the factors weighing against transferring Barhams to the general division of the Cuyahoga County Court of Common Pleas pursuant to R.C. 2152.12(E). The juvenile court considered the relevant factors and made following findings:

> The child is 16 years of age (D.O.B. March 1, 2007).
>
> Child has not previously been committed to the Ohio Department of Youth Services.
>
> The youth suffers from major depressive disorder and unspecified trauma and stress related disorder.

The court did not find any other factors against transfer. We find the juvenile court considered the appropriate statutory factors for, and against, transfer and the record provides a rational and factual basis to support this decision. *Taylor*, 2024-Ohio-5094, at ¶ 37.

{¶ 25} Therefore, we find the juvenile court did not abuse its discretion when it determined that Barhams was not amenable to rehabilitation in the juvenile court system under R.C. 2152.12(B). The juvenile court considered Barhams' full investigation, including the psychological examination and the evidence presented at the amenability hearing, and weighed the statutory factors for and against transfer, as required by R.C. 2152.12(D) and (E), including that he used a firearm and his age. As such, we overrule Barhams' second assignment of error.

**Third Assignment of Error**

{¶ 26} In his third assignment of error Barhams alleges that his sentence, pursuant to the Reagan Tokes Law, violated his constitutional rights to a trial by jury, separation of powers and guarantees of due process. We disagree.

{¶ 27} The Reagan Tokes Law, R.C. 2967.271, "requires that for certain first- and second-degree felony offenses, a sentencing court impose on the offender an indefinite sentence consisting of a minimum and a maximum prison term." *State v. Hacker*, 2023-Ohio-2535, ¶ 1.

{¶ 28} As this court has previously explained, the Ohio Supreme Court has rejected these arguments that the Reagan Tokes Law violates the separation-of-powers doctrine, the right to jury trial, or the right to due process. *State v. McLoyd*, 2023-Ohio-4306, ¶ 66 (8th Dist.), citing *Hacker* at ¶ 41. As such, Barhams' third assignment of error is without merit and is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR